# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY KODIMER, by an through his guardian ad litem LYN RAMSKILL,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF SAN DIEGO, ELLEN TANACIO, JAMES WEST, and DR. EARL GOLDSTEIN, M.D.,<br><br>　　　　　　　　　　　　Defendants.[1] | Case No. 07-cv-2221-BEN (NLS)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER** |

Now before the Court is the motion for reconsideration filed by Defendants Tanacio and West. Tanacio and West seek reconsideration of the decision denying their motion for summary judgment.

Reconsideration of a previous order is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani,* 342 F.3d 934, 945 (9th Cir. 2003) (internal citation omitted). A district court may reconsider its grant of summary judgment under either Federal Rule Civil Procedure

---

[1] The caption has been changed to reflect the dismissal of the City of Escondido defendants, the substitution of three "Doe" defendants with named defendants, and the dismissal of four County of San Diego employee defendants. Fed. R. Civ. P. 1 and 10(a).

59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). A motion for reconsideration is evaluated under Rule 59(e) if it is filed within 28 days of entry of judgment. *American Ironworks & Erectors, Inc. v. North American Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) (applying former Rule 59(e) 10-day window). Otherwise, it is treated as a Rule 60(b) motion.[2] *Id.* The motion here was filed within 28 days of the summary judgment order, so it is properly construed as a Rule 59(e) motion.

Under Rule 59(e), reconsideration is unwarranted in the ordinary case. "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Nakatani,* 342 F.3d at 945 (citations omitted); *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (same); *ACandS*, 5 F.3d at 1263 (same).

An attempt to reargue the case is not grounds for granting a motion for reconsideration. *American Ironworks*, 248 F.3d at 899 ("Because North American and Federal simply reargued their case and offered no basis for withdrawal of the October 19, 1998 order, the district court did not abuse its discretion in denying the motion."). A district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration. *Novato Fire Prot. Dist. v. United States*, 181 F.3d 1135, 1142 n.6 (9th Cir. 1999), *cert. denied*, 120 S. Ct. 2005 (2000) (citations omitted). Moreover, a

---

[2]"Rule 60(b) 'provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief.'" *Id.* (citations omitted). *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). None of these potential grounds for relief is applicable here.

refusal to reconsider is not an abuse of discretion "merely because the underlying order is erroneous, rather than clearly erroneous." *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999), *cert. denied*, 120 S.Ct. 1708 (2000).

Defendants argue neither newly discovered evidence nor an intervening change in controlling law. Rather, Defendants argue that clear error was made. Specifically, they argue that the Plaintiff "failed to prove the elements of deliberate indifference." Mot. to Reconsider, at 1. Of course, to resist summary judgment, a non-movant need not prove the elements. A non-movant need only demonstrate that genuine issues of material fact exist. Here, what Defendants Tanacio and West really mean is that in their view of the evidentiary record, given the inferences they draw, and based on their understanding of what a serious psychiatric medical need looks like, Plaintiff has no evidence for the elements of his claim. In other words, the Court clearly erred by holding Plaintiff actually has put forth evidence creating a genuine issue on the elemental facts. In reality, Defendants are simply attempting to re-argue their case. And re-argument is not grounds for granting a motion for reconsideration. *American Ironworks*, 248 F.3d at 899.

One other argument deserves comment. Defendants also assert that it is error to describe the "deliberate indifference" standard as requiring both a subjective awareness of a serious psychiatric need and a *failure to adequately respond*. Mot. to Reconsider, at 9. This formulation of the standard comes from two recent Ninth Circuit decisions directly on point: *Simmons v. Navajo County*, __ F.3d __, 2010 WL 2509181 (9th Cir. June 23, 2010), and *Conn v. City of Reno*, 591 F.3d 1081 (9th Cir. 2010). That the "failed to adequately respond" language of *Simmons* and *Conn* does not parrot *Farmer v. Brennan*, 511 U.S. 825

1 | (1994), does not mean (as Defendants suggest) that an error of law has been made.[3]

Having reviewed the arguments, this Court finds that the Defendants have not cleared the high hurdle necessary to warrant the extraordinary remedy of reconsideration. Accordingly, the motion for reconsideration is denied.

The hearing date of August, 30, 2010 is vacated.

IT IS SO ORDERED.

DATED:  July 22, 2010

_____
Hon. Roger T. Benitez
United States District Judge

---

[3]Elsewhere in their motion, even Defendants describe one of the "deliberated indifference" claim elements as: "a purposeful act *or failure to respond* to the need." Mot. to Reconsider, at 2 (emphasis added).