1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11
12
HENRY KODIMER, by and through his
guardian ad litem LYN RAMSKILL,

Case No. 07-cv-2221-BEN (NLS)

13

Plaintiff,

**ORDER GRANTING**
**DEFENDANTS' JOINT MOTION**

vs.

**TO DISMISS CLAIMS BROUGHT**

14

**UNDER**

15
16
COUNTY OF SAN DIEGO, ELLEN
TANACIO, and JAMES WEST,

**42 U.S.C. § 1983**

17

Defendants.

18

19          Defendants jointly moved to dismiss pursuant to Federal Rule of Civil Procedure 50(a).

20   The motion was granted, as to the claims brought under 42 U.S.C. § 1983, for the following

21   reasons.  The motion is denied as to the state claims.[1]

22                                    **I.  Introduction**

23          Rule 50(a) provides:

24          (1) If a party has been fully heard on an issue during a jury trial and the court finds that a
             reasonable jury would not have a legally sufficient evidentiary basis to find for the party on
25           that issue, the court may:
26

27   _____

28          [1] The two state law claims, alleging negligence and alleging a failure to summon medical care
     as required by Cal. Govt. Code § 845.6, were tried to a jury.  The jury returned a verdict in favor of
     all Defendants.

(A) resolve the issue against the party; and
(B) grant a motion for judgment as a matter of law against the party
on a claim...that, under the controlling law, can be maintained...only
with a favorable finding on that issue.

For purposes of a Rule 50 motion, the evidence must be construed in the light most favorable to

the nonmoving party (in this case, the Plaintiff).  To grant the motion, such evidence must permit

only one reasonable conclusion.  *Fisher v. City of San Jose*, 509 F.3d 952, 957 (9th Cir. 2007).  The

Defendants moved at the conclusion of Plaintiff's case in chief.  At this point in the trial, the

Plaintiff has been fully heard on each of his claims, including his Due Process claims brought as a

pretrial detainee under 42 U.S.C. § 1983 against the government defendants, Nurse Tanacio,

Deputy West, and the County of San Diego as a policymaker.  Having considered the evidence and

having construed that evidence in the light most favorable to the Plaintiff, the Court finds that:

1.  A reasonable jury would not have a legally sufficient basis to find that the medical

screening nurse, Defendant Ellen Tanacio, acted with deliberate indifference to a serious medical

need of Mr. Kodimer in violation of his Due Process rights;

2.  A reasonable jury would not have a legally sufficient basis to find that the jail

classification deputy, Defendant West, acted with deliberate indifference to a serious medical need

of Mr. Kodimer in violation of his Due Process rights; and

3.  A reasonable jury would not have a legally sufficient basis to find that the policies or

practices of the Defendant County of San Diego were deliberately indifferent to a serious medical

need of Mr. Kodimer in violation of his Due Process rights.

## II.  Legal Standards Applicable to Individual Government Actors

In order to recover under § 1983 for the deprivation of a citizen's Due Process rights, a

pretrial detainee plaintiff must prove that: (1) a government employee; (2) was subjectively aware;

(3) of a serious medical need; and (4) acted with deliberate indifference.  *Simmons v. Navajo

County*, 609 F3d 1011, 1018 (9th Cir. 2010).  In addition, the plaintiff must prove that the

defendant's actions were the moving force behind events that ultimately led to a foreseeable harm

(in this case, a suicide attempt).  Under Ninth Circuit precedent, a heightened suicide risk qualifies

as a serious medical need.  *Id.*  But, "a showing of medical malpractice or medical negligence is

insufficient to establish a constitutional deprivation." *Id.* at 1019.

To meet the "subjective awareness" element, the government official must "know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Conn v. City of Reno*, 591 F.3d 1081, 1096 (9th Cir. 2010). "Proof of subjective awareness is not limited to the purported recollections of the individuals involved." *Id.* at 1097. "Indeed, in certain circumstances, a factfinder may conclude that an official knew of a substantial risk from the very fact that the risk was obvious." *Id.* For example, where an inmate was so obviously mentally ill that a deputy who has received no training regarding the diagnosis and treatment of mental illness must have known that the inmate was exhibiting symptoms of mental illness, the deputy may be considered to be subjectively aware. *Simmons*, 609 F.3d at 1020.

### III.  Analysis

**A.  Jail Screening Nurse Tanacio**

When Mr. Kodimer was brought to Defendant nurse Tanacio for medical screening, she made an evaluation that was based on both her observations and his responses to the questions on her questionnaire. From that, she subjectively concluded that Mr. Kodimer suffered from paranoid schizophrenia and that he needed prescribed psychiatric medications. She subjectively concluded that he was not in acute mental distress and that he was not currently suicidal.

There is no evidence that Tanacio was subjectively aware of Kodimer's intentions to commit suicide, or even that he had such intentions at the time of her screening. Nor was there evidence that Kodimer was so obviously mentally ill that Tanacio could be found to be subjectively aware in spite of her testimony. Moreover, there is no evidence that she was deliberately indifferent to the medical needs of which she was subjectively aware. She was aware of Kodimer's need for medications and she put in motion the steps needed for a jail physician to review and authorize the medications for Kodimer. She was also aware of his pre-existing mental illness, due to Kodimer's own report and the psychiatric medications, and arranged for Kodimer to be examined by a psychiatrist within a few days. Put differently, the evidence shows that she was

1   not aware of a presently existing heightened suicide risk.  And to the extent there was a future risk

2   of mental suffering, she acted, if not perfectly, at least reasonably to arrange mental health care.

3   The Due Process Clause does not require more than that.  "Prison officials who actually knew of a

4   substantial risk to inmate health or safety may [still] be found free from liability if they responded

5   reasonably to the risk, even if the harm ultimately was not averted." *Clouthier v. County of Contra*

6   *Costa*, 591 F.3d 1232, 1248 n.6 (9th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. at 844).

7   Even considered in the light most favorable to Kodimer, all of the evidence shows that Tanacio

8   responded reasonably in light of her subjective knowledge of Kodimer's medical needs.

9          Had Tanacio been trained as a psychiatrist, she might have considered the unusual events

10  leading up to his arrest, the fact that he had not taken his medications for approximately 24 hours,

11  the fact that he had been drinking alcohol, and that the standard screening questionnaire was

12  inadequate for individuals with severe mental illness, as claimed by Plaintiff.  And having

13  considered all of these facts, Tanacio might have subjectively concluded that Kodimer was, in fact,

14  actively psychotic and suicidal.  But a nurse is not expected to employ the expertise of a

15  psychiatrist, and the Due Process Clause does not require local governments to hire psychiatrists to

16  do pretrial detainee intake screening.  Based on the training she did have, there is no evidence that

17  Tanacio was subjectively aware of a serious medical need for which she acted with deliberate

18  indifference.

19         In hindsight, Tanacio "may not have made the best or even the proper medical decisions,

20  [but] what is important for the analysis in this case is that her decisions do not evidence deliberate

21  indifference." *Simmons*, 609 F.3d at 1019.  Therefore, it is proper to grant judgment as a matter of

22  law in favor of Defendant Tanacio.

23  **B. Classification Deputy West**

24         When Mr. Kodimer presented to Deputy West for jail classification, West made an

25  evaluation that was based on his observations, his experience, and his knowledge of the various

26  housing alternatives.  From that, he concluded that Mr. Kodimer was ready to be housed in the jail

27  and that he needed to be separated from the general-population inmates because of his charging

28  offense.  There is no evidence that West was subjectively aware that Kodimer was in acute mental

distress or that he was suicidal.

Put differently, there was no evidence that Kodimer was so obviously mentally ill that a deputy who has received no training regarding the diagnosis and treatment of mental illness must have known that the inmate was exhibiting symptoms of mental illness. Consequently, a reasonable jury could not conclude that Deputy West was subjectively aware of Kodimer's suicidality. *Simmons*, 609 F.3d at 1020. Deputy West was actually aware that the screening nurse had placed a "psych hold" on Kodimer. But he knew only that the "hold" meant an inmate was not to be housed at a jail location that lacked psychiatric services. By assigning Kodimer within the Vista Detention Center, West subjectively accounted for Kodimer's need for psychiatric services. Moreover, by classifying and assigning Kodimer to the "south house one" area, West subjectively and reasonably believed that jail deputies would observe all of the inmates and make hourly walks through the bunk beds where Kodimer would be held.

If Deputy West had known of Kodimer's diagnosis of paranoid schizophrenia, if he had considered the unusual events leading up to Kodimer's arrest, and if he had sufficient training in the detection of heightened suicide risks, he might have returned Kodimer to the screening nurse or designated him to an isolated and protective cell. In the end, however, there is simply no evidence that West was subjectively aware of Kodimer's intent to commit suicide, that Kodimer was suicidal, or that he was in need of immediate medical care. Kodimer may have been severely ill and may have privately held ideations of suicide, but there is insufficient evidence for a jury to find West was deliberately indifferent to Kodimer's serious medical needs.

Therefore, it is proper to grant judgment as a matter of law in favor of defendant West.

**C. The County of San Diego**

A local government may be held liable where implementation of its official policies or established practices inflict a constitutional injury. *Monell v. New York City*, 436 U.S. 658, 708 (1978). Kodimer identifies two principal deficiencies in the County's procedures.

First, he alleges that the medical screening nurse must review the facts leading up to a detainee's arrest where mental illness is apparent, to be able to determine whether the detainee is actively psychotic or actively suicidal. The evidence is that it is County policy for a screening

07cv2221

nurse to *not* be informed of arrest information.

Second, Plaintiff alleges that the classification deputy must have access to the detainee's medical information to prevent putting a mentally ill or suicidal detainee at greater risk. The evidence is that it is County policy that classification deputies *not* look at medical information (other than that relating to communicable diseases).

However, there is insufficient evidence from which a reasonable jury could find that these policies are deliberately indifferent to the serious medical needs of mentally ill detainees. Concerning the first policy, there was no evidence presented that, had nurse Tanacio learned of the facts leading up to Kodimer's arrest, she would have drawn the conclusion that Kodimer was acutely psychotic or suicidal at the time of her medical screening. At the Vista Detention Center, she observed Kodimer to be calm and able to form answers to her questions. He appeared to her to be aware of his surroundings. In her opinion, Kodimer had a normal affect. She also heard his denial of suicidality.

There is no evidence that with the mental illness training she possessed (and Plaintiff does not take issue with her training) she would have been subjectively aware of Kodimer's acute psychosis or suicidal ideation, even if she had been privy to the facts of Kodimer's arrest. A psychiatrist may have recognized the medical significance of such unusual behavior, but there was no evidence presented that one with a screening nurse's training would have understood and concluded that Kodimer was at a high risk for suicide. A County cannot be judged deliberately indifferent because its jail screening nurse is not as insightful about mental illness as a psychiatrist.

Moreover, the County policy regarding arrest information serves a valid purpose. It shields the screening nurse from charged crimes which might be so offensive that the nurse cannot remain objective. If that is a problem, then the policy is a reasonable solution, without which a screening nurse might be deliberately indifferent to the serious medical needs of a highly offensive detainee. Policies require choices. There is no evidence from which a reasonable jury can find the first County policy is deliberately indifferent and unconstitutional. Therefore, it is proper to grant judgment as a matter of law in favor of Defendant County of San Diego on this policy.

Concerning the second policy, there is no evidence that a classification deputy's access to

an inmate's medical information would alleviate a deliberately indifferent risk of harm to mentally ill detainees.  A classification deputy's choices for inmate housing are limited.  He must be concerned with the safety of other inmates and jail staff, as well as the safety of the detainee to be classified.  Were it not for the County policy, Deputy West would have been able to discover that Kodimer had a severe mental illness.  But there is no evidence that the resulting classification would have been different.  In fact, the uncontradicted testimony of West was that it would have made no difference to his classification decision.

For example, while the jail system computer would have disclosed that Kodimer suffered from paranoid schizophrenia, it would not have indicated that Kodimer was having thoughts of suicide or that he was actively psychotic.  This is because the information would be based upon the screening nurse's assessment.  West could arrange for a safety cell, a medical observation bed, or transportation to the jail psychiatric unit in central San Diego.  But the medical information screen would not necessarily have aided his decision-making.  Indeed, it could even be at odds with his own direct observations of Kodimer's behavior.  If a screening nurse *had* concluded that a mentally ill detainee was actively psychotic, suicidal, or in immediate need of psychiatric care, according to the County policy, the detainee would not have been sent to the classification deputy for housing.

To sum up, the Plaintiff failed to offer evidence that County policy was the moving force behind Kodimer's injury.  The deficiency identified in the County policy has not been shown to be closely related to the ultimate injury.  *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1196 (9th Cir. 2002).  Even taking all of the evidence in the light most favorable to the Plaintiff, there is an insufficient evidentiary basis for a reasonable jury to find that the County policy regarding access to medical information was unconstitutionally deliberately indifferent to the serious medical needs of a mentally ill detainee.  Therefore, it is proper to grant judgment as a matter of law in favor of Defendant County of San Diego on this policy.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.  Conclusion

The Rule 50(a) motion to dismiss as a matter of law is granted in favor of all Defendants for each of the § 1983 claims.

IT IS SO ORDERED.

DATED:  March 1, 2011

_____
Hon. Roger T. Benitez
United States District Judge

07cv2221